Porto Rico Fruit Exchange, Plaintiff and Appellant, v.
Martha F. Caul, Defendant and Appellee.

No. 3636. Argued November 24, 1925.—Decided May 28, 1926.

*Enrique Rincón* and *Agustina Cámara* for the appellant. *E. B. Wilcox* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff brought suit to recover a specified amount per box as liquidated damages for the breach of a contract for the packing of citrus fruit.

The court below rendered judgment for defendant after sustaining a motion for nonsuit upon grounds stated by the trial judge as follows:

"The court deems that the fifth averment of the complaint, which is the main one and which it may be said is the one on which this case rests, has not been sufficiently proven. That averment is as follows:

"'That the defendant herein, Martha F. Caul, performed such contract until the year 1919, but during the years 1920 and 1921 she ceased to send the fruit to the plaintiff's packing house, notwithstanding the fact that said defendant picked and shipped through other channels some 11,900 boxes of fruit.'

"The obligation of defendant under the contract entered into with the plaintiff, as regards the fruit that she might gather upon her property, is—

"'That for and in consideration of the covenants and agreements herein contained each of the second parties hereby agrees to pick, haul and deliver to the first party at its packing house at Espinosa in said Island, for the purpose of packing all the grapefruit and oranges now growing upon his land and premises and all that during the terms of this agreement may be grown upon his land and premises, or on other land or premises owned by him and situated in the municipalities of Dorado and Vega Alta in said Island when same shall have reached a proper state of maturity for picking and at such time or times and from time to time as said parties of the second part may direct, subject to the further provisions set out herein.'

"Not a scintilla of evidence has been brought before us to prove that grapefruit were picked on defendant's property in the years 1920 and 1921. Naturally, also there has been no evidence to show

the number of boxes of fruit gathered and shipped from the property of the defendant so that we might have a solid ground on which to base the judgment prayed for.

"It is true that it was shown that the defendant shipped some grapefruit, but even by plaintiff's own witnesses it has been shown that this grapefruit could have been picked on another property; that it is the custom of fruit growers to ship not only fruit produced on their own lands, but also that gathered from the land of others. There is no presumption that can lead to the conclusion that the grapefruit shipped by the defendant was precisely that gathered by the defendant from her property, if any was gathered.

"This being the case, the court is of the opinion that it is proper to sustain, as it does sustain, the motion for a nonsuit, and consequently the complaint is dismissed with costs to the plaintiff."

Section 4 of the Law of Evidence provides that—

"The law does not require demonstration; that is, such a degree of proof as, excluding possibility of error, produces absolute certainty; because such proof is rarely possible. Moral certainty only is required, or that degree of proof which produces conviction in an unprejudiced mind."

Among the disputable presumptions enumerated in section 102 of the same law are the following:

"11. That things which a person possesses are owned by him.

"20. That the ordinary course of business has been followed.

"27. That things have happened according to the ordinary course of nature and the ordinary habits of life.

"31. That a thing once proved to exist continues as long as is usual with things of that nature."

The fact that the defendant owned producing groves in Dorado and Vega Alta is shown by the contract itself. The evidence adduced at the trial does not disclose the ownership of other properties without the territorial limits of those municipalities. By the express provision of subdivision 11 of section 102, *supra*, defendant is presumed to be the owner of the fruit packed and shipped by her through the Fruit Union or by the Fruit Union for her. That the fruit so packed and shipped had been grown upon trees

belonging to defendant and had been picked therefrom is what would have happened according to the ordinary course of nature and pursuant to the ordinary course of business.

■ The fact that certain growers sometimes pack and ship fruit belonging to others is but an exception that serves to illustrate the rule. The possibility suggested by counsel for appellee that defendant might have sold the properties mentioned in the contract entered into with plaintiff, or the fruit upon the trees, or leased the said groves to others, does not demand serious consideration. The situation as it existed at the time of the contract is presumed to continue for a reasonable length of time or "as long as is usual with things of that nature."

■ Apparently the parties contemplated no transfer or lease of real estate or sale of fruit upon the trees or other substantial alteration of existing conditions during the life of the contract. But in any event the burden was upon defendant to show any charge or substantial modification of the situation by reason of subsequent events.

The judgment appealed from must be reversed.

Mr. Justice Wolf took no part in this case.